# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-3492

_____

Roberta R. Cano,                               *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
     v.                                        *   District Court for the
                                               *   Eastern District of Missouri.
Timothy F. Geithner, Secretary of the          *
United States Department of the                *        [UNPUBLISHED]
Treasury,                                      *
                                               *
            Appellee.                          *

_____

Submitted: November 24, 2009
Filed: November 30, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Roberta Cano (Cano) appeals the district court's[1] adverse grant of summary judgment in this pro se Title VII complaint in which she claimed that she was denied a promotion based on reverse discrimination, and that she suffered retaliation, harassment, a hostile work environment, and constructive discharge when she

_____

[1]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of he parties pursuant to 28 U.S.C. § 636(c).

complained about the promotion. For the following reasons, we affirm the grant of summary judgment. See Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006) (standard of review).

First, we find Cano failed to establish a prima facie case of reverse discrimination, see Duffy v. Wolle, 123 F.3d 1026, 1036 (8th Cir. 1997) (burden), and, regardless, Cano failed to create a trialworthy issue of whether her employer's legitimate nondiscriminatory reasons for promoting another employee were pretextual, see McCullough v. Univ. of Ark. for Med. Scis., 559 F.3d 855, 864 (8th Cir. 2009) (burden-shifting). Second, we find Cano's retaliation claim is without merit, because she was not subjected to the type of materially adverse employment actions that would deter a reasonable employee from engaging in protected activity. See Turner v. Gonzales, 421 F.3d 688, 695-96 (8th Cir. 2005) (prima facie case of retaliation); see also Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (explaining that a plaintiff must show a reasonable employee would have found the challenged actions materially adverse, rather than trivial harms). Similarly, Cano's allegations do not support a constructive-discharge claim, see MacGregor v. Mallinckrodt, Inc., 373 F.3d 923, 928 (8th Cir. 2004) (constructive discharge), or a hostile-work-environment claim, see Anda v. Wickes Furniture Co., 517 F.3d 526, 531-32 (8th Cir. 2008) (prima facie case of hostile work environment).

We affirm.

_____